UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH E. BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN KELLY, Sec. Cal. State Transportation Agency, et al.,<br><br>　　　　　Defendants. | No.  2:16-cv-1154 KJM AC (PS)<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se.  This proceeding was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis ("IFP").  Plaintiff has submitted the affidavit required by Section 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

## I.  SCREENING

Granting IFP status does not end the court's inquiry, however.  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
3    court will (1) accept as true all of the factual allegations contained in the complaint, unless they
4    are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
5    plaintiff, and (3) resolve all doubts in the plaintiffs' favor.  See Neitzke, 490 U.S. at 327;
6    Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at
7    Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

8    However, the court need not accept as true, legal conclusions cast in the form of factual
9    allegations, or allegations that contradict matters properly subject to judicial notice.  See Western
10   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors,
11   266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

12   Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
13   Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may
14   only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
15   of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
16   2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an
17   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See
18   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

19                                II.  THE COMPLAINT

20   The following description assumes, for purposes of this screening only, the truth of the
21   factual allegations of the complaint.  On October 17, 2012, plaintiff, an African-American man,
22   was subjected to a traffic stop by defendant California Highway Patrol ("CHP") Officer J.D.
23   Ornelas #14807 ("Ornelas").  Complaint (ECF No. 1) ¶ 3.  Ornelas offered the "pretext" that he
24   had stopped plaintiff because he had "tainted windows," but he actually stopped plaintiff because
25   of plaintiff's race.  Id. ¶¶ 2, 3, 16, 19, 22, 23, 27.  Ornelas had no reasonable suspicion or
26   probable cause that would support his stop, seizure and search of plaintiff.  Id. ¶ 6.

27   Soon after the traffic stop, non-defendants Officer C.A. Duncan #14808 and CHP Officer
28   in Charge N. Johnson #12942, arrived at the scene and conferred with Ornelas.  Id. ¶ 4.

Thereafter:

> Officer Ornelas ordered the Complainant [plaintiff] to the side of the road, ordered the complainant to turn and place his hands on his head and at that point Officer Ornelas physically seized the Complainant by placing his hands on the Complainants hands, pulling him backwards, leaning him forward and conducting a search of the Complainants body and person.

Id. ¶ 4.  Plaintiff was not advised that he was under arrest.  Id. ¶ 7.  This was observed by Duncan and Johnson.  Id. ¶ 7.

The search and seizure:

> were conducted in plain view of the motoring public on Chrisman Road, the homeowners and residents of the homes on the west side of Chrisman Road, the Complainants fellow Police Officers and co-workers at the Tracy Depot as well as the Complainants duty Lieutenant Daniel Urteaga and Captain Benjamin Cordero who were monitoring the scene from their marked DLA Police vehicles.

Id. ¶ 7.[1]  As evidenced by the failure of Duncan or Johnson to intervene, this conduct was the result of Ornelas's training, the acquiescence of the supervision and management of CHP, CHP's regular practice, and CHP's indifference to the constitutional harms of those coming into contact with its officers.  Id. ¶¶ 7-12.

After plaintiff filed a complaint with "IA" [Internal Affairs], CHP Sergeant Danny Lecce advised plaintiff on May 12, 2016, that Lecce "fully supported Officer Ornelas' actions," and that Ornelas "had every right to conduct a 'Terry Search'" of plaintiff, looking for weapons.

III.  ANALYSIS

For screening purposes, the complaint states cognizable Section 1983 (42 U.S.C. § 1983) claims for relief against defendants Ornelas and Lecce.

The complaint alleges that Ornelas stopped, searched and seized plaintiff without any reasonable suspicion or probable cause to believe that plaintiff was engaged in any criminality, but solely because of plaintiff's race, in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.  See Melendres v. Arpaio, 695 F.3d 990, 1000 (9th Cir. 2012) ("possible criminality is key to any *Terry* investigatory stop or prolonged detention"); Washington v.

---

[1] Plaintiff told Ornelas that he (plaintiff) was a police officer who had just left work.  Id. ¶ 3.

Lambert, 98 F.3d 1181, 1182 (9th Cir. 1996) (affirming summary judgment for plaintiffs for the "intrusive law enforcement stop and seizure of innocent persons on the basis of suspicions rooted principally in the race of 'the suspects'").

The complaint further alleges that Lecce ratified Ornelas's allegedly unconstitutional conduct by finding that the conduct was perfectly lawful, rather than taking steps to prevent the unlawful conduct. See Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (Chief of Police could be liable for police officers' unconstitutional conduct when he "signed a letter informing Jessie Larez that none of his many complaints would be sustained, thereby ratifying the investigation").

There are no actionable allegations against the remaining defendants. Plaintiff does allege that Officer Duncan and Officer in Charge Johnson failed to act while observing Ornelas's conduct, and that they failed to properly train and supervise Ornelas. Complaint ¶¶ 7-11. However, neither of them is a defendant. There is no allegation of any kind against defendant Brian P. Kelly. Plaintiff appears to have named defendants Governor Edmund G. Brown, Jr., CHP Commissioner Joseph Farrow, and CHP Training Captain S.T. Dickson only because of their official positions in the officers' chain of command, rather than for any conduct they engaged in themselves. See Complaint ¶ 1 (CHP violated plaintiff's rights "under the authority . . . of Governor Edmund G Brown Jr., and [CHP] Commissioner Joseph Farrow"), 29 (plaintiff seeks damages from CHP "by and through . . . Dickson").[2]

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Service is appropriate for the following defendants:

---

[2] Plaintiff seeks damages and injunctive relief against Governor Brown, Commissioner Farrow and Training Captain Dickson for their "failure to train, failure to supervise and/or failure to act and by such behavior condoning, permitting and authorizing the acts of Officer Ornelas and Sergeant Lecce with a callous and reckless indifference to the constitutionally protected rights of the Complainant." Complaint ¶ 29. However, the Complaint does not allege that these defendants engaged in any of this conduct. Rather, this conduct is alleged to have been engaged in by Officers Duncan and Johnson, who are not defendants. See Complaint ¶¶ 7-11.

  • CHP Officer J.D. Ornelas #14807; and

  • CHP Sergeant Danny Lecce.

3. The Clerk of the Court is directed to send to plaintiff an instruction sheet for service of process by the United States Marshal. The Clerk shall also issue and send to plaintiff, without prepayment of costs, all process pursuant to Federal Rule of Civil Procedure 4. Specifically, for each defendant in paragraph 2 above, the Clerk shall send plaintiff: one USM-285, one summons, an endorsed copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.

4. Plaintiff may proceed now to serve Ornelas and Lecce, as described below at **paragraph 5**, and pursue his claims against only those defendants. Alternatively, plaintiff may forego serving Ornelas and Lecce, and attempt to state a cognizable claim against the remaining defendants, as described below at **paragraph 6**.[3]

5. **If plaintiff elects to proceed against Ornelas and Lecce alone**, then he must comply with the service instructions, below. In this event the court will construe plaintiff's election as consent to the dismissal of all claims against the remaining defendants, without prejudice.

   a. Plaintiff is directed to supply the U.S. Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effect service of process (listed below). Within 10 days of having supplied this information, **plaintiff shall file a statement with the court that said documents have been submitted to the United States Marshal** (see attachment). The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 "I" Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030). The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in paragraph 2 above, at least:

      (1) One completed summons;

      (2) One completed USM-285 form;

---

[3] Alternatively, if plaintiff no longer wishes to pursue this action, plaintiff may file a notice of voluntary dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

5

1        (3) One copy of the endorsed filed complaint, with an extra copy for the

2 United States Marshal;

3        (4) One copy of the form to consent or decline to consent to magistrate

4 judge jurisdiction; and

5        (5) One copy of this order.

6     b. The United States Marshal is directed to serve process promptly on each

7 defendant identified in paragraph 2 above, without prepayment of costs.

8     c. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect

9 service within 90 days from the date of this order, the Marshal is directed to report that fact, and

10 the reasons for it, to the undersigned.

11     d. The Clerk of the Court is directed to serve a copy of this order on the U.S.

12 Marshal, 501 "I" Street, Suite 5600, Sacramento, CA  95814 (tel. 916-930-2030).

13   6. **If plaintiff elects to amend his complaint to state a cognizable claim against the**

14 **remaining defendants, he has thirty days so to do**. Plaintiff is not obligated to amend his

15 complaint. However, if he does so, he should keep the following in mind.

16     a. Plaintiff is cautioned that if he elects to amend his complaint, the amended

17 complaint will also be subject to screening, and that the same screening standards as were set

18 forth above will apply.

19     b. The amended complaint cannot refer to a prior complaint in order to make the

20 amended complaint complete. Local Rule 220 requires that any amended complaint be complete

21 in itself without reference to prior pleadings. That is because the amended complaint will

22 supersede the prior complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an

23 amended complaint, just as if it were the initial complaint filed in the case, each defendant must

24 be listed in the caption and identified in the body of the complaint, and each claim and the

25 involvement of each defendant must be sufficiently alleged.

26     c. Any amended complaint which plaintiff may elect to file must include concise

27 but complete factual allegations describing the conduct and events which underlie plaintiff's

28 claims. That is, plaintiff is advised to allege the facts explaining the actions taken by the named

defendants, or their failure to act, which he believes caused the harm complained of.

7. Failure by plaintiff to comply with this order may result in a recommendation that this action be dismissed.

DATED: June 9, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH E. BROWN,<br><br>        Plaintiff,<br><br>   v.<br><br>BRIAN KELLY, Sec. Cal. State Transportation Agency, et al.,<br><br>        Defendants. | No.  2:16-cv-0415 MCE AC (PS)<br><br>NOTICE OF SUBMISSION |

    Plaintiff has submitted the following documents to the U.S. Marshal, in compliance with the court's order filed _____:

    \_\_\_\_ completed summons form(s)

    \_\_\_\_ completed USM-285 form (s)

    \_\_\_\_ copy(ies) of the complaint

    \_\_\_\_ completed form(s) to consent or decline to consent to magistrate judge jurisdiction

_____      _____
Date                                                                                                             Plaintiff's Signature