UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH E. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN KELLY, Sec. Cal. State Transportation Agency, et al.,<br><br>Defendants. | No. 2:16-cv-1154 KJM AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This proceeding was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff is proceeding in forma pauperis. This is a Section 1983 case alleging false arrest and excessive use of force. The case is proceeding against defendants CHP Officer J.D. Ornelas and CHP Sergeant Danny Lecce, plaintiff having consented to the dismissal of all other defendants.[1]

Lecce moves to dismiss. ECF No. 8. Plaintiff has filed two motions for default judgment, a motion for a preliminary injunction and a motion for judgment on the pleadings. ECF Nos. 12,

---

[1] The court's screening order permitted the case to go forward only against defendant Ornelas and Lecce – in which case he would be consenting to the dismissal of the remaining defendants – unless plaintiff wanted to amend his allegations against the rest. ECF No. 3. Plaintiff chose to go forward only against these two defendants, thus consenting to the dismissal of the remaining defendants.

1    14, 16, 20.  Lecce's motion came on for hearing on September 28, 2016.  Plaintiff and counsel for
2    Lecce were present and argued.  Plaintiff's motions were not calendared and were not heard.
3        For the reasons set forth below, the undersigned will recommend that Lecce's motion be
4    granted.  Plaintiff's motions will be denied without prejudice to refiling in proper form.

## I.  BACKGROUND

According to the complaint, defendant Ornelas conducted an unconstitutional traffic stop of plaintiff on October 17, 2012, and unconstitutionally searched and seized plaintiff in relation to the stop.  Complaint (ECF No. 1) ¶¶ 1-12.  Nearly four years later, on May 12, 2016, plaintiff filed a complaint about the incident with defendant Lecce.  Complaint ¶ 13.  Lecce reviewed the complaint, and concluded that Ornelas had done nothing wrong.  Complaint ¶¶ 13, 14, 21.

## II.  DEFENDANT LECCE'S MOTION TO DISMISS

Lecce moves to dismiss on grounds of (1) statute of limitations, (2) no personal involvement in the constitutional deprivation, and (3) qualified immunity.

The only acts alleged to have violated plaintiff's rights, and the only ones that can be inferred from the allegations of the complaint, are Ornelas' October 17, 2012 traffic stop and Lecce's May 12, 2016 finding that the traffic stop did not violate plaintiff's constitutional rights.

### A.  Dismissal Standards – Fed. R. Civ. P. 12(b)(6)

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the Complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action.  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36

(3d ed. 2004)).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.  Waiver of Defenses

Plaintiff argues that the court should not consider Lecce's dismissal motion because it was filed after the time allotted for responding to the complaint.  According to plaintiff:

> The U.S. Marshalls effected service on Defendants by way of the U.S. Mail on or about June 20, 2016 pursuant to Federal Rules of Civil Procedure 5(b)(2)(C) by mailing the summons and complaint in their names to the California Highway Patrol Office where they both work in the city of Tracy, San Joaquin County, California.

Complaint ¶ 9.  Further:

3

1
2
3
> The Plaintiff appeared at the U.S. Marshalls Office on Thursday August 18, 2016.  Plaintiff was advised the 60 day response period for the Defendants to respond to the Summons and Complaint expires on Friday, August 19, 2016.  As of 1600 hours on Thursday August 18, 2016, Defendants had so far failed to respond.

Complaint ¶ 10.  Plaintiff then argues that Lecce failed to respond to the complaint within the 21 days provided by Fed. R. Civ. P. ("Rule") 12(a)(1)(A)(i), and therefore he is precluded from filing the motion to dismiss.

There are several problems with this argument.  First, if Lecce really had failed to respond to the complaint in a timely manner, the remedy is for plaintiff to pursue default proceedings against him, not to try to preclude Lecce from ever defending himself.  Second, there is no evidence in the record that the U.S. Marshal served Lecce on June 20, 2016.  The Marshal has not filed a proof of service, and plaintiff has filed no declaration indicating service on that date.  Third, service of a summons and complaint is governed by Rule 4(e), not Rule 5(b) (which applies to service of pleadings and other papers other than the summons and complaint).  There is no evidence in the record that the U.S. Marshal *ever* served Lecce under Rule 4(e) (personal or substitute service, or as permitted by state law), much less on June 20, 2016.  Fourth, the facts alleged in plaintiff's opposition support an inference that that Lecce *waived* service: according to plaintiff's opposition, the U.S. Marshal told plaintiff that defendant had 60 days to respond.  ECF No. 17 at 3 ¶ 10.  That would only be true if Lecce (a non-federal defendant), had waived service under Rule 4(d).  See Rule 12(a)(1)(A)(ii).  If that is the case, then Lecce had until August 19, 2016 to respond, and he filed his motion to dismiss on that day, August 19, 2016.  See ECF No. 8.

The court will consider Lecce's dismissal motion, as it was timely filed.

C. Analysis

Lecce argues that the traffic stop occurred 4 years ago, and therefore any constitutional violation is outside the statute of limitations.  He also argues that he had no personal involvement in the traffic stop.  Both of these arguments miss the mark.  Plaintiff is not alleging that Lecce was personally involved in the traffic stop from four years ago.  Instead, he alleges that on May 12, 2016, Lecce violated plaintiff's rights in the way he personally reviewed the 2012 conduct of

////

4

1  Ornelas. Therefore, there is no statute of limitations defense here, and no "personal involvement"
2  defense here.
3      The problem with the complaint's allegations against Lecce is not that plaintiff is suing
4  too late, or over something that Lecce did not personally do. The problem here is that the conduct
5  that Lecce did personally engage in on May 12, 2016 does not violate plaintiff's clearly
6  established constitutional rights, as discussed below. Therefore, Lecce should be dismissed from
7  this lawsuit on qualified immunity grounds.
8          1. Statute of limitations
9      Lecce argues that the Fourth Amendment violation occurred in 2012, and that "[t]he
10 statute of limitations applicable to this action is two years, under California Code of Civil
11 Procedure section 335.1." ECF No. 8 at 2. That appears to be the correct limitations period. See
12 Colony Cove Properties, LLC v. City Of Carson, 640 F.3d 948, 956 (9th Cir.) ("California's
13 statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C.
14 § 1983. In California, personal injury claims that accrued after January 1, 2003, are subject to a
15 two-year statute of limitations.") (citing Cal. Code Civ. Proc. § 335.1), cert. denied, 132 S.
16 Ct. 456 (2011).
17     However, the limitations defense fails. Plaintiff alleges that Lecce violated his rights *on
18 May 12, 2016*. That is only 15 days before plaintiff filed this lawsuit on May 27, 2016. The
19 complaint is therefore not time-barred. As discussed below, there is no *merit* to the claim that
20 Lecce violated plaintiff's rights, but plaintiff's failure to state a claim is distinct from filing
21 outside the limitations period.
22         2. Personal involvement
23     Lecce argues that he had no personal involvement in the Fourth Amendment violation.
24 ECF No. 8 at 3-4. Assuming that is true, it does not defeat the claim that Lecce was *personally
25 involved in reviewing the complaint*, and the complaint (as construed in the applicable screening
26 order, ECF No. 3) alleges that review violated plaintiff's rights. Therefore, Lecce's argument that
27 he was not personally involved fails. Once again, as discussed below, there is no *merit* to the
28 claim that Lecce's 2016 conduct could possibly have violated plaintiff's Fourth Amendment

5

rights in 2012, but plaintiff's failure to state a claim is distinct from any failure to allege personal involvement.

### 3. Qualified Immunity

> The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate. Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.

Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (per curiam) (citations and internal quotation marks omitted).

The law is clear that a person can only be held liable under Section 1983 for his own conduct:

> A plaintiff must allege facts … that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant.

Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), cert. denied, 525 U.S. 1154 (1999). This is true even for supervisors (both sides assume that Lecce was a supervisor), because there is no "respondeat superior" liability under Section 1983:

> Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.

Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citations and internal quotation marks omitted).

Lecce's only alleged conduct here was reviewing plaintiff's complaint about conduct that occurred four years prior, and finding that Ornelas's conduct did not violate plaintiff's

constitutional rights.  Plaintiff identifies no clearly established law that makes it a Fourth Amendment violation for Lecce – even if he is a supervisor, or internal affairs officer – to find that someone else, even his subordinate, did not violate the Fourth Amendment.  Moreover, there is no plausible theory alleged in the complaint or inferable from the facts alleged there that could make Lecce liable for a Fourth Amendment violation that occurred four years before he did anything.

To the degree plaintiff is trying to hold Lecce liable for an independent, unspecified constitutional violation based upon his allegedly inadequate investigation, there is no such claim.  See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("we can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved").

At oral argument, plaintiff clarified that he was trying to hold Lecce liable in his role as Ornelas's supervisor.[2]  Plaintiff argued that in Lecce's role as Ornelas's "direct supervisor," Lecce was the one who enabled Ornelas to violate plaintiff's constitutional rights.  Plaintiff is correct that a supervisor can under some circumstances be held liable under a supervisory or "ratification" theory for his own actions, separately from the liability incurred by his subordinates.  Thus, Lecce could be held liable for his own "setting in motion of acts which cause others to inflict constitutional injury."  Larez v. City of Los Angeles, 946 F.2d 630, 645 (9th Cir. 1991) (citing Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

Any such supervisory claim against Lecce fails here, however, because there is no plausible theory under which Lecce's May 2, 2016 review could have caused Ornelas to violate plaintiff's constitutional rights four years earlier, on October 17, 2012.  To the degree plaintiff means to allege that Lecce improperly trained Ornelas, and that is what caused the violations, that

---

[2] See Complaint ¶ 21 ("[i]t is undisputed Sergeant Lecce upon thorough review of the incident, supported and condoned the illegal seizure and search of the Complainant as 'low key and accommodating' thereby further proving the California Highway Patrol condones and instructs their Officers to routinely as a matter of practice to violate the fourth amendment of citizen's rights based on 'mitigating circumstances' without any probable cause or reasonable suspicion to believe a citizen is under arrest or is armed and potentially dangerous to a California Highway Patrol Officer during contact").

1  also fails.  The only training, or lack of training, that could plausibly have affected Ornelas's
2  conduct on October 7, 2012, was training that occurred before, or concurrent with, the date of the
3  traffic stop.  Accordingly, any such training-based claim is beyond the statute of limitations (and
4  Lecce has invoked that defense here).

5  To the degree plaintiff seeks to impose "ratification" liability on Lecce, that theory also
6  fails.  "Ratification" is a concept that applies in cases involving *municipal* liability under Monell
7  v. Dep't of Social Services of the City of New York, 436 U.S. 658 (1978), not as here, the
8  liability of state agencies or their employees.  See Gravelet-Blondin v. Shelton, 728 F.3d 1086,
9  1097 (9th Cir. 2013) ("a local government may be held liable under § 1983 when … an official
10 with final policy-making authority … ratified a subordinate's unconstitutional decision or action
11 and the basis for it"), cert. denied, 134 S. Ct. 1292 (2014); Larez, 946 F.2d at 646 (the Chief of
12 Police, "an official whose acts constitute final official policy of the City of Los Angeles," could
13 be liable in his official capacity for police officers' unconstitutional conduct when he "signed a
14 letter informing Jessie Larez that none of his many complaints would be sustained, thereby
15 ratifying the investigation").

16 For the reasons stated above, there is no plausible legal theory or factual scenario under
17 which Lecce could be held liable for alleged constitutional violations committed by another
18 officer four years prior to Lecce's involvement.  Therefore, defendant Lecce should be dismissed
19 from this case with prejudice.

20                          III.  PLAINTIFF'S MOTIONS

21 Plaintiff has filed motions against defendants Ornelas and Lecce, seeking: (1) default
22 judgments, ECF Nos. 12, 20; (2) a preliminary injunction, ECF No. 14; and (3)  judgment on the
23 pleadings, ECF No. 16.  None of plaintiff's motions were properly noticed on the court's
24 calendar, as required by Local Rule 230.  Accordingly, all of these motions will be denied.
25 Plaintiff is cautioned that if he renews any of these motions, he must comply with all applicable
26 Federal Rules of Civil Procedure and Local Rules of this court, including Rules 12(c) (judgment
27 on the pleadings), 55 (default judgment), and 65 (preliminary injunction), and Local Rules 230
28 (motion practice), and 231(d) (preliminary injunction).

IV.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motions for default judgment, preliminary injunction and judgment on the pleadings (ECF Nos. 12, 14, 16, 20), are DENIED without prejudice to their renewal in proper form.

Further, IT IS HEREBY RECOMMENDED that:

1.  Pursuant to plaintiff's consent (see ECF No. 3 at 5 ¶ 5), defendants Brian P. Kelly, Joseph Farrow, S.T. Dickson and Edmund G. Brown Jr., should be dismissed without prejudice; and

2.  Defendant Lecce's Motion To Dismiss (ECF No. 8), should be granted, and the action against him should be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 29, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE